1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **CENTRAL DISTRICT OF CALIFORNIA**
10                          **WESTERN DIVISION**
11
12 ARTHUR GENE PAYTON, ) No. CV 10-213-PA (PLA)
13             Petitioner, )
14     v. ) **ORDER DISMISSING PETITION AS SUCCESSIVE**
15 M. S. EVENS, )
16            Respondent. )

17

18       On January 12, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in
19 State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). Petitioner is a prisoner in the custody
20 of the State of California pursuant to his 1982 conviction in the Los Angeles County Superior
21 Court, Case No. A375779. (Petition at 2). The Petition raises a single ground for relief: petitioner
22 received "ineffective assistance of counsel at sentencing on [his] guilty plea." (Petition at 5, 5A-
23 5C). Petitioner has brought two previous habeas petitions in this Court, Case No. CV 98-6521-NM
24 (PLA) and Case No. CV 08-4484-PA (JWJ), in which he also challenged his 1982 sentence in
25 Case No. A375779. The petition in Case No. CV 98-6521-NM (PLA) was dismissed on the merits
26 with prejudice pursuant to a Judgment entered on April 14, 2004. (See Order Adopting Magistrate
27 Judge's Final Report and Recommendation and Judgment, both entered on April 14, 2004). The
28 second amended petition in Case No. CV 08-4484-PA (JWJ) was dismissed without prejudice

1 pursuant to an order entered on May 15, 2009, in which the Court concluded that the petition was
2 successive and petitioner had failed to show that he obtained permission to file a successive
3 petition from the Ninth Circuit. (See Memorandum and Order Dismissing Second Amended
4 Petition for Writ of Habeas Corpus, entered May 15, 2009).

## DISCUSSION

The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the Court applies the AEDPA in its review of this action. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003). A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 1998 federal habeas challenge, petitioner raised the following claims: (1) the trial court violated petitioner's due process rights by denying his motion to withdraw his guilty plea; (2) the trial court violated petitioner's due process rights by failing to void his guilty plea based upon his incompetence; (3) petitioner was denied procedural due process when the trial court failed to hold a competency hearing pursuant to California Penal Code § 1368; (4) petitioner's guilty plea was not made voluntarily, knowingly and with full understanding of its consequences; and (5) petitioner received ineffective assistance of trial counsel prior to the entry of his guilty plea. (See Final Report and Recommendation in Case No. CV 98-6521-NM (PLA), issued on April 9, 2004, at pp. 4-5, 15). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Final Report and Recommendation and Judgment, both entered on April 14, 2004). In his 2008 second amended petition, petitioner asserted a single claim: "petitioner received ineffective assistance of counsel at sentencing on [his] guilty plea." (See Second Amended Petition in Case No. CV 08-4484-PA (JWJ), at p. 5). In the instant Petition, petitioner sets forth the above-mentioned ineffective assistance of counsel claim, which was not presented in his 1998 federal habeas action, but is identical to the claim asserted in his 2008 federal habeas action. (See Petition at 5).

Even if petitioner's claim in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication in the instant Petition, or in the overall record, that petitioner has obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).

In the May 15, 2009, Order Dismissing Second Amended Petition, the Court advised petitioner that his second amended petition in his 2008 habeas action was successive, he "was required to obtain Ninth Circuit approval prior to filing" a successive petition, and the Court lacks jurisdiction to hear any successive petition without prior approval from the Ninth Circuit. (See

Memorandum and Order Dismissing Second Amended Petition for Writ of Habeas Corpus, at p. 4).

Petitioner has not presented any evidence showing that the Ninth Circuit has issued an order authorizing the District Court to consider a successive petition. As such, the Court concludes that it is without jurisdiction to entertain the instant Petition under 28 U.S.C. § 2244(b). See Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive, and petitioner has not provided any documentation to this Court showing that he has received authorization from the Ninth Circuit to file a successive petition.

**ORDER**

It is hereby **ORDERED** that judgment be entered dismissing the Petition without prejudice as successive.

DATED: January 21, 2010

HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

4